

**Dated: June 10, 2022.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CHARLES THOMAS HUTH | § | Case No. 15-10161-hcm |
| Debtor. | § | (Chapter 7) |

### OPINION ON AMENDED MOTION TO AVOID JUDICIAL LIEN

This Opinion illustrates the subtle, yet consequential, distinction between an equitable lien in a judgment and a judicial lien under the Bankruptcy Code. It also illuminates the critical difference between an equitable lien in a judgment and a judgment lien under Texas law.

In this bankruptcy case, an Amended Motion to Avoid Judicial Lien ("Motion") was filed by Charles Thomas Huth, the debtor ("Huth"). A Response to the Motion ("Response") was filed by Dr. Susan Lee f/k/a Susan Kay England ("England"), the lien creditor. Ultimately, the Court determines that the equitable lien of England set forth in a judgment may not be avoided and remains enforceable, but the separate judgment lien of England created by the abstract of judgment should be avoided and is not enforceable.

1

**Procedural and Factual Background**[1]

On December 3, 2013, a Final Judgment was entered in a suit styled *Susan Kay England v. Charles Thomas Huth*, Cause No. 11-0050 ("Judgment") by the 274th District Court of Hays County, Texas ("State Court"). The Judgment found that Huth was liable to England in the amount of $90,000 secured by a "purchase money equitable lien" on approximately 10 acres of real property located in Hays County, Texas, known as 400 Hilliard Road, San Marcos, Texas ("Hilliard Property"). *See* Judgment, Ex. 1 (dkt# 39, pp. 13-14).[2]

On April 2, 2014, England recorded an Abstract of the Judgment in Hays County, Texas, where the Hilliard Property is located ("Abstract of Judgment"). *See* Abstract of Judgment, Ex. 2 (dkt# 39, pp. 15-16). Huth appealed the Judgment to the Texas Court of Appeals, Third District ("Texas Court of Appeals"), in Cause No. 03-14-00002-CV.

On February 2, 2015, Huth filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court. In his Bankruptcy Schedules, Huth claimed the Hilliard Property as his exempt homestead under 11 U.S.C. §522(d)(1) in the amount of "100% of full market value."[3] *See* Bankruptcy Schedules (dkt# 17, p. 7). No timely objections were filed to Huth's claim of exemption of the Hilliard Property. On May 27, 2015, Huth was granted a bankruptcy discharge (dkt# 22). On July 23, 2015, Huth's bankruptcy case was closed (dkt# 24).

---

[1] The dispositive facts with respect to the Motion are not in dispute.

[2] References to "dkt#" means the docket number maintained in CM/ECF by the Clerk of the Bankruptcy Court in this bankruptcy case no. 15-10161-hcm. References to "Ex." means the exhibits attached to the Response (dkt# 39).

[3] Huth elected to take federal law (not Texas state law) exemptions in his Bankruptcy Schedules. *See* 11 U.S.C. § 522(b)(2); Bankruptcy Schedules (dkt# 17, p. 7).

2

On May 12, 2016, the Texas Court of Appeals issued a Memorandum Opinion ("TCA Opinion") with respect to Huth's appeal of the Judgment. In short, the Texas Court of Appeals affirmed the Judgment of the State Court in all respects, including the "purchase money equitable lien" on the Hilliard Property in favor of England. *See* TCA Opinion, Ex. 3 (pp. 17-26), reported at *Huth v. England*, No. 03-14-00002-CV, 2016 WL 2907922 (Tex. App.—Austin, May 12, 2016, no pet.).

On August 11, 2021, England filed an Application for Turnover Relief and Notice of Hearing ("Application") with the State Court. Through the Application, England sought turnover of the Hilliard Property by Huth and sale of the Hilliard Property to satisfy the $90,000 purchase money equitable lien in the Judgment. *See* Application, Ex. 4 (dkt# 39, pp. 27-55). At the hearing in State Court on the Application, disputes apparently arose regarding the impact of Huth's bankruptcy on the lien of England on the Hilliard Property.

On December 31, 2021, Huth filed a Motion to Re-Open with this Court, seeking to reopen this bankruptcy case for the purpose of filing a motion to avoid a judicial lien on the Hilliard Property under § 522(f)(1) of the Bankruptcy Code (dkt# 25). On January 26, 2022, this Court granted such motion and reopened this bankruptcy case (dkt# 26).

On May 13, 2022, Huth filed the instant Amended Motion to Avoid Judicial Lien (herein "Motion") (dkt# 38).[4] On May 23, 2022, England filed a Response to the Motion with exhibits (herein "Response") (dkt# 39).

---

[4] Huth's initial Motion to Avoid Judicial Lien was granted by the Court by order entered on March 15, 2022, as England did not timely file a response to the initial Motion. England then sought reconsideration, and the Court vacated its order granting the initial Motion because the initial Motion was not properly served on England and her counsel. *See* dkt# 28, 29, 31, and 36.

3

**Section 522(f)(1) of the Bankruptcy Code**

Through the Motion, Huth seeks to avoid England's lien on the Hilliard Property under § 522(f)(1) of the Bankruptcy Code as a judicial lien. In pertinent part, § 522(f)(1) provides:

> (1) … the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>     (A)    a *judicial lien* …

11 U.S.C. § 522(f)(1) (emphasis added).

To avoid a lien on exempt property under § 522(f)(1), a debtor must establish three requirements: (1) the lien is a "judicial lien"; (2) the lien is fixed against an interest of the debtor in property; and (3) the lien impairs an exemption to which the debtor would otherwise be entitled. *See Henderson v. Belknap (Matter of Henderson)*, 18 F.3d 1305, 1308 (5th Cir. 1994).[5]

With respect to the "purchase money equitable lien" against the Hilliard Property set forth in the Judgment, the Court concludes that the first requirement of § 522(f)(1) cannot be established by Huth, because this lien is not a "judicial lien" under the Bankruptcy Code. With respect to the separate lien created by the Abstract of Judgment recorded against the Hilliard Property, the Court concludes that all three requirements of § 522(f)(1) of the Bankruptcy Code have been satisfied and the Abstract of Judgment lien should be avoided. The critical difference is that the equitable lien in the Judgment is not

---

[5] In *Henderson*, the parties did not dispute that an abstract of judgment lien was a "judicial lien" (the first requirement) and the focus of the Fifth Circuit's opinion was whether the lien impaired an exemption (the third requirement). *See Henderson*, 18 F.3d at 1308, 1310.

a judicial lien under the Bankruptcy Code, but the Abstract of Judgment lien is a judicial lien.

Purchase Money Equitable Lien in Judgment

Here, the Judgment of the State Court found that England had a "purchase money equitable lien" in the amount of $90,000 against the Hilliard Property, which was affirmed by the Texas Court of Appeals. The dispositive issue for this Court is whether such purchase money equitable lien is a "judicial lien" that can be avoided by Huth under § 522(f)(1) of the Bankruptcy Code.

The Bankruptcy Code broadly defines "judicial lien" as a "lien *obtained* by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36) (emphasis added). England contends that her lien is not a "judicial lien," and Huth contends that it is a "judicial lien." The Court agrees with England that the purchase money equitable lien in the Judgment is not a "judicial lien" for the following reasons.

Multiple courts have held that an "equitable lien" that was in existence prior to entry of a judgment recognizing or enforcing the equitable lien, is not a "judicial lien" that may be avoided under § 522(f)(1) of the Bankruptcy Code. *See, e.g., In re Lodek*, 61 B.R. 66, 68 (Bankr. W.D. Tex. 1986); *In re Boyd*, 31 B.R. 591, 594 (D. Minn. 1983), *aff'd sub nom. Boyd v. Robinson,* 741 F.2d 1112 (8th Cir. 1984); *In re Davis*, 96 B.R. 1021, 1022 (Bankr. M. D. Fla. 1989); *see also Weed v. Washington (In re Washington),* 242 F.3d 1320, 1323-4 (11th Cir. 2001) (collecting cases holding that a judgment that recognizes a pre-existing equitable lien under state law is not a "judicial lien" under the Bankruptcy Code); *In re Fischer*, 129 B.R. 285, 286 (Bankr. M. D. Fla. 1991) (equitable lien recognized in a judicial proceeding is not avoidable "judicial lien" under § 522(f)(1)); *Matter of Colby*, 23 B.R. 142,

5

143 (Bankr. W.D. Wis. 1982) (a judicially recognized equitable mortgage is not an avoidable "judicial lien" under § 522(f)(1)).

For example, in *Lodek*, the bankruptcy court for the Western District of Texas dealt with an equitable lien imposed against a debtor's Texas homestead by a state court based on a constructive trust. Applying Texas law, the *Lodek* court found that the equitable lien was created when the funds taken were used to purchase homestead improvements, not when the state court rendered a judgment recognizing the existence of the equitable lien. *Lodek*, 61 B.R. at 68 (citing *Meadows v. Bierschwale*, 516 S.W.2d 125, 133 (Tex. 1974)). The *Lodek* court held that since the equitable lien of the creditor on the homestead was in existence prior to the judicial proceeding where the judgment imposed the equitable lien, the lien was not "obtained" by judgment and therefore was not within the Bankruptcy Code definition of a "judicial lien". *See* 11 U.S.C. § 101(36) (defining "judicial lien" as a "lien *obtained* by judgment"). As a result, the *Lodek* court found that the equitable lien on the debtor's Texas homestead was not avoidable under § 522(f)(1) of the Bankruptcy Code.

Here, England has a $90,000 "purchase money equitable lien" on the Hilliard Property according to the Judgment of the State Court. Under Texas state law, an equitable lien on real property is created when the surrounding circumstances indicate that the parties to a transaction intended that specific real property would secure repayment of a debt. *See, e.g., McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984); *Chorman v. McCormick*, 172 S.W.3d 22, 24 (Tex. App.—Amarillo 2005, no pet.) (supporting citation omitted); *Manz v. Johnson*, 531 S.W.2d 934, 936 (Tex. Civ. App.—Fort Worth 1976, no writ); *see also In re Daves*, 770 F.2d 1363, 1370 (5th Cir. 1985) (recognizing that Texas law permits equitable liens for purchase money on homesteads).

6

With respect to the Hilliard Property, the Texas Court of Appeals specifically found that the purchase money equitable lien in favor of England in the Judgment was proper under Texas law, stating:

> The Texas Supreme Court has held that "[e]stablished Texas law holds that when no express lien is reserved in a deed and the purchase money is not paid, a lien nevertheless arises by implication in favor of the vendor to secure payment of the purchase money." *McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984). England testified that she bought the Hilliard property with her own cash but on Huth's behalf and that she later transferred title to Huth who assured her she "still retained ownership of the property, so [she] was protected." … Evidence showed a series of transactions aimed at purchasing the property for Huth. The evidence that Huth assured England that she was "protected" and still owned the Hilliard property despite the transfer to him, that Huth acknowledged in the November 2008 compilation that he owed England for the purchase price of the Hilliard property, and that he had not repaid that debt combine to show that the trial court did not err in imposing a purchase-money equitable lien…

TCA Opinion, Ex. 3 (dkt# 39, pp. 23-24).

Under Texas state law, an equitable lien for purchase money by a vendor arises when the vendor deeds the property to the buyer. *See McGoodwin*, 671 S.W.2d at 882-3 (equitable vendor's lien for purchase money arose upon sale of interest in property); *Singh v. Moeenuddin*, No. 05-20-00573-CV, 2022 WL 807191 at *4 (Tex. App.—Dallas Mar. 17, 2022, pet. filed).

Here, England paid for and originally purchased the Hilliard Property for Huth in October 2007, Huth acknowledged in writing that he still owed England $90,000 for the Hilliard Property in November 2008, and England then ultimately conveyed the Hilliard Property to Huth by deed dated December 2008. *See* TCA Opinion, Ex. 3 (dkt# 39, pp.

19-24); Warranty Deed, Ex. B to Ex. 4 (dkt# 39, at pp. 33-36).[6] England's equitable lien on the Hilliard Property arose under Texas law when she deeded the property to Huth in December 2008. Since England's equitable lien on the Hilliard Property was in existence prior to the entry of the Judgment in December 2013, England's equitable lien was not "obtained" by the Judgment. As a result, the Court concludes that the "purchase money equitable lien" on the Hilliard Property in the Judgment is not a "judicial lien" that may be avoided under § 522(f)(1) of the Bankruptcy Code. *See* 11 U.S.C. § 101(36) (defining "judicial lien" as a lien "obtained by" judgment).

In a similar vein, courts have examined whether a creditor already had some interest in specific property prior to a judicial decree declaring a lien on specific property. If the creditor had a pre-existing interest in the specific property, the imposition of a lien by a court is not an avoidable "judicial lien" under § 522(f)(1) of the Bankruptcy Code. As the federal District Court in *Boyd* stated:

> a judicial lien is an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach any property of the debtor's to satisfy his interest *but who did not have an interest in a specific piece of property before the occurrence of some judicial action.*

*Boyd*, 31 B.R. at 594 (emphasis added). Numerous courts have cited the *Boyd* description of a "judicial lien" with approval. *See Washington,* 242 F.3d at 1323; *Lodek*, 61 B.R. at 68; *Davis*, 96 B.R. at 1022; *Fischer*, 128 B.R. at 286; *In re Carpenter*, 252 B.R.

---

[6] In his sworn Bankruptcy Schedules, Huth also admitted that he purchased the Hilliard Property in December 2008 for $90,000 (dkt# 17, pp. 1, 7).

8

905, 914 (E. D. Va. 2000), *aff'd*, 36 Fed.Appx 80 (4th Cir. 2002).[7]

England had an interest in the specific Hilliard Property before any judicial action occurred in the State Court. England purchased the Hilliard Property with her own funds in 2007. Huth acknowledged that he owed England for the purchase of the Hilliard Property in 2008. Then England conveyed the Hilliard Property to Huth in 2008 based on Huth's promise that England would be protected and his assurance that she still owned the Hilliard Property. *See* TCA Opinion, Ex. 3 (dkt# 39, pp. 20-24). Prior to any judicial action by the State Court in 2013 through entry of the Judgment, England had an equitable purchase money interest in the specific Hilliard Property.

The Bankruptcy Code expressly recognizes three types of liens—judicial liens, statutory liens, and security interests. *See* 11 U.S.C. § 101(36) (defining "judicial lien"); 11 U.S.C. § 101(53) (defining "statutory lien"); 11 U.S.C. § 101(51) (defining "security interest"). The legislative history of the Bankruptcy Code provides that these three lien definitions are exhaustive, except for "common law liens". *See* S. Rep. No. 95-989, at 25 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5811; *Lodek*, 68 B.R. at 68. At its root, the purchase money equitable lien in the Judgment is a creature of the Texas common law. *See, e.g., McGoodwin*, 671 S.W.2d at 882 (implied vendor's lien for unpaid purchase money is established under Texas law); *Chorman,* 172 S.W.3d at 24 (equitable liens are recognized by Texas courts based on equity, right and justice); *Manz,* 531 S.W.2d at 936

---

[7] Based on an existing interest of a creditor in property at the time the debtor acquired the property, courts have also found that an equitable lien imposed by a judgment in favor of the creditor does not constitute the "fixing of a lien on a debtor's interest in property" and the equitable lien is not avoidable under § 522(f)(1). *See e.g., Farrey v. Sanderfoot*, 500 U.S. 291, 300-1 (1991); *In re Farnsworth,* 384 B.R. 842, 851 (Bankr. Az. 2008); *Herman v. Neely (In re Herman),* 315 B.R. 381, 398 (Bankr. E. D. Tex. 2004). This also supports the Court's conclusion that the purchase money equitable lien on the Hilliard Property in the Judgment is not avoidable under § 522(f)(1).

9

(equitable purchase money lien on real estate is a remedy recognized by Texas courts for over a century).

Throughout the country, bankruptcy courts have recognized this distinction—and held that an equitable lien for purchase money of exempt property is not avoidable by a debtor as a "judicial lien" under § 522(f)(1) of the Bankruptcy Code. *See, e.g., Cloud v. Cloud (In re Cloud)*, 215 B.R. 870, 873 (Bankr. E.D. Ark. 1997) (equitable lien imposed by state court for funds used by debtor to purchase exempt property is not avoidable "judicial lien"); *Herman v. Whitacre (In re Herman)*, 95 B.R. 504, 506 (Bankr. N.D. Ohio 1989) (equitable lien on homestead for funds used to purchase homestead by debtor is not avoidable "judicial lien"); *Davis*, 96 B.R. at 1022 (equitable vendor's lien against homestead established by state court judgment is not avoidable "judicial lien"). Here, England has an equitable lien for purchase money of the Hilliard Property, and that lien in the Judgment is not avoidable under § 522(f)(1).

Not avoiding England's purchase money equitable lien in the Judgment is also consistent with the underlying purposes of § 522(f)(1) of the Bankruptcy Code. The purpose of § 522(f)(1) is to "thwart creditors who, sensing an impending bankruptcy, rush to court to obtain a judgment to defeat the debtor's exemptions"; the purpose of § 522(f)(1) is not to prevent creditors from filing a legal proceeding to "protect" their own "pre-existing interest" in the property. *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 300 (1991) (holding that lien granted to creditor in divorce judgment is not avoidable under § 522(f)(1)). Here, there was no rush to court by England to try and thwart Huth's exemption of the Hilliard Property; instead, England sought a court declaration of the existence of her equitable lien on the Hilliard Property for purchase money. *See* TCA Opinion, Ex. 3 (dkt# 39, p. 21).

10

At bottom, the Court concludes that the "purchase money equitable lien" in the Judgment of $90,000 against the Hilliard Property in favor of England is not a "judicial lien," so this equitable lien is not avoidable under § 522(f)(1) of the Bankruptcy Code.

Abstract of Judgment lien

In contrast, the recording of the Abstract of Judgment by England in the real property records of Hays County, Texas did create a "judicial lien" under the Bankruptcy Code. This Abstract of Judgment lien may be avoided by Huth under § 522(f)(1) of the Bankruptcy Code.

The recording of the Abstract of Judgment by England created another lien on the Hilliard Property (separate from the purchase money equitable lien in the Judgment). The Abstract of Judgment created a lien on all real property (including the Hilliard Property) owned by Huth located in Hays County, Texas for the $90,000 monetary amount of the Judgment. *See* Tex. Prop. Code Ann. § 52.001. The Court concludes that the lien created by the Abstract of Judgment was "obtained by" judgment and is within the Bankruptcy Code definition of "judicial lien." *See* 11 U.S.C. § 101(36) (defining "judicial lien" as a "lien obtained by judgment, levy, sequestration or other legal … process").

The Judgment of the State Court contained a monetary award of $90,000 in favor of England against Huth. The rendition of the Judgment is what gave England the right to record the Abstract of Judgment for the $90,000 monetary award. Courts have routinely recognized that an abstract of judgment recorded for a money judgment constitutes a "judicial lien" under § 522(f)(1) of the Bankruptcy Code. *See, e.g., Henderson*, 18 F.3d at 1305, 1307 (recognizing no dispute that recording of an abstract of judgment is a judicial lien); *Lodek*, 61 B.R. at 67-8 (recognizing no dispute that the lien created by filing the abstract of judgment is an avoidable judicial lien, but holding that equitable lien in

11

judgment itself is not a judicial lien); *In re Brown*, 2014 WL 5463957 at *1 (Bankr. S.D. Tex. 2014); *see also In re Spirit of Prayer Ministries, Inc.*, 2008 WL 5213705 at *1 (Bankr. N.D. Tex. 2008); 4 Colliers on Bankruptcy ¶ 522.11[2] (16th ed. 2022).

The recording of the Abstract of Judgment also resulted in the "fixing of a lien" on Huth's interest in the Hilliard Property—satisfying the second requirement of avoiding a judicial lien under § 522(f)(1). The Abstract of Judgment fixed a separate lien on the Hilliard Property when it was recorded on April 2, 2014, months after the $90,000 Judgment was rendered on December 3, 2013.

The Abstract of Judgment lien also completely "impairs an exemption" to which Huth would be entitled—satisfying the third requirement for avoiding a judicial lien under § 522(f)(1). Section 522(f)(2)(A) sets forth a mathematical formula to determine the extent that a judicial lien may impair an exemption. The formula is: (i) the amount of the judicial lien on the homestead property PLUS (ii) the amount of all other liens on the homestead property PLUS (iii) the amount of the debtor's homestead exemption if there were no liens on the homestead EQUALS a total amount. If the total of these three amounts (i, ii, iii) exceeds the value of the debtor's interest in the homestead property, then the judicial lien is avoided to that extent. *See, e.g., In re Sawyers*, 2 F.4th 1133, 1140 (8th Cir. 2021) (explaining and applying § 522(f)(2)(A) formula); 11 U.S.C. § 522(f)(2)(A). Here, Huth contends that the approximate value of the Hilliard Property is $90,000 and England agrees that $90,000 was the approximate value as of the bankruptcy petition date.[8]

---

[8] *See* Motion (dkt# 38, ¶7); Response (dkt# 39, ¶13). Huth's bankruptcy petition date is the proper date for determining the value of exemptions. *See* 11 U.S.C. § 522(a)(2) (defining "value" for the purpose of exemptions as the fair market value as of the date of filing a bankruptcy petition); *Viegelahn v. Frost (In re Frost)*, 744 F.3d 384, 386 (5th Cir. 2014) (supporting citations omitted) (the "snapshot rule" of bankruptcy is that exemptions are determined at the time the bankruptcy petition is filed, and not by later events).

Application of the impairment formula of § 522(f)(2)(A) yields the following: (i) $90,000 (amount of judicial lien on the Hilliard Property created by Abstract of Judgment); PLUS (ii) $90,000 (amount of other liens on the Hilliard Property by virtue of the equitable purchase money lien in the Judgment); PLUS (iii) $90,000 (the amount of Huth's claimed homestead exemption)[9] EQUALS $270,000. The value of Huth's interest in the Hilliard Property is $90,000. Since $270,000 exceeds $90,000 by the amount of $180,000, the $90,000 judicial lien created by the Abstract of Judgment completely impairs the exemption of the Hilliard Property.[10]

As a result, the Court concludes that with respect to the lien created by the Abstract of Judgment, all three requirements of § 522(f)(1) have been satisfied. The Abstract of Judgment lien on the Hilliard Property is avoidable under § 522(f)(1) of the Bankruptcy Code.

Conclusion—§ 522(f)(1) of the Bankruptcy Code

In conclusion, the Court determines that the "purchase money equitable lien" in the Judgment against the Hilliard Property for $90,000 is <u>not</u> avoidable by Huth under §

---

[9] Although Huth chose federal law (not Texas state law) exemptions for the Hilliard Property, the value of the exemption claimed by Huth was "100% of full market value." *See* Bankruptcy Schedules (dkt# 17, p. 7). No timely objection was filed to Huth's claim of exemption, so the claimed exemption is allowed even if the value of the Hilliard Property exceeded the statutory dollar limit for a federal law homestead exemption. As a result, 100% of the value of the Hilliard Property is exempt. *See Schwab v. Reilly*, 560 U.S. 770, 776-7, 792-3 (2010) (if a debtor lists the exemption value as "100% of full market value" and no timely objection is filed to the exemption, the debtor is entitled to exempt the full value of the asset even if the value exceeds statutory limit).

[10] The Court recognizes that it may be double counting in the above formula by adding the $90,000 Abstract of Judgment judicial lien to the $90,000 purchase money equitable lien in the Judgment, since there is only one debt for $90,000. But even if the $90,000 equitable lien in the Judgment is removed from the formula, the $90,000 judicial lien created by the Abstract of Judgment would still completely impair the exemption of the Hilliard Property. This alternative formula would be (i) $90,000; PLUS (ii) $0; PLUS (iii) $90,000 EQUALS $180,000. This total amount of $180,000 exceeds the $90,000 value of the Hilliard Property by $90,000, so the entire $90,000 judicial lien created by the Abstract of Judgment still completely impairs the exemption.

13

522(f)(1) of the Bankruptcy Code. The lien created by the Abstract of Judgment filed against the Hilliard Property is avoidable by Huth under § 522(f)(1) of the Bankruptcy Code. This is truly a distinction that makes a difference—an equitable lien in a judgment may not be avoided but a lien created by an abstract of judgment may be avoided.

The Court recognizes that avoidance of only the Abstract of Judgment lien may be a hollow victory for Huth, as the purchase money equitable lien in the Judgment for $90,000 against the Hilliard Property may still be the subject of enforcement and foreclosure in State Court.

**Texas Property Code**

In the Motion, Huth also contends that since he received a bankruptcy discharge, the judgment lien of England on the Hilliard Property has been cancelled and may not be enforced under § 52.042 of the Texas Property Code. In pertinent part, § 52.042 of the Texas Property Code provides:

> (a) A judgment is discharged and any abstract of judgment or judgment lien is cancelled and released without further action in any court and may not be enforced if:
>
> > (1) the lien is against real property owned by the debtor before a petition for debtor relief was filed under federal bankruptcy law; and
> >
> > (2) the debt or obligation evidenced by the judgment is discharged in the bankruptcy.

Tex. Prop. Code Ann. § 52.042(a).

Judgment Lien under Texas law

Huth contends that England's lien is a "judgment lien" within the scope of the Texas Property Code; England contends that her lien is not a "judgment lien". *See* Motion (dkt# 38, ¶11); Response (dkt# 39, ¶23). The Court concludes that the "purchase money

14

equitable lien" in the Judgment is not a "judgment lien," but the separate lien created by the filing of the Abstract of Judgment is a "judgment lien" under the Texas Property Code.

Section 52.042 of the Texas Property Code is in Subchapter C of Chapter 52 of the Texas Property Code. Chapter 52 of the Texas Property Code is titled "Judgment Lien." Notably, § 52.001 of Chapter 52 is titled "Establishment of Lien," and provides that the recording of an "abstract of judgment" in the county deed records "constitutes a lien" on all real property owned by a defendant located in the county where the abstract is recorded. Tex. Prop. Code Ann. § 52.001. Consequently, the Texas Property Code considers a "judgment lien" as the lien created by filing an abstract of judgment.

Texas courts have recognized that a "judgment lien" under the Texas Property Code means the lien created by the recording of an abstract of judgment. *See Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 38 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Gary E. Patterson & Assocs., P.C. v. Holub*, 264 S.W.3d 180, 194 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). As a result, the Court concludes that the meaning of "judgment lien" under the Texas Property Code is a lien created by the filing of an abstract of judgment, not an "equitable lien" set forth in a judgment of a state court.

This critical distinction between a "judgment lien" (created by recording an abstract of judgment) and an "equitable lien" (set forth in a judgment of a court), has been recognized by Texas courts. *See, e.g., Kimsey v. Kimsey*, 965 S.W.2d 690, 698 (Tex. App.—El Paso 1998, pet. denied) (equitable lien created by decree of state court is not a judgment lien, as an equitable lien is not dependent on recording of abstract of judgment); *Day v. Day*, 610 S.W.2d 195, 197 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.) (a lien expressly recited in a judgment based on equity to secure a specific sum of money against a particular piece of real property is not a "judgment lien" under Texas law); *American*

15

*Guaranty, Inc. v. Miller (In re Miller)*, 58 B.R. 192, 197 (Bankr. S.D. Tex. 1985) (equitable lien is not a judgment lien under Texas law).

In *Day*, a Texas appellate court found that the recording of the abstract of judgment creates a judgment lien, not the rendition of the judgment that specifically granted the creditor a lien on the property in equity. In this respect, the *Day* court stated:

> A judgment lien exists only by virtue of statute and therefore is created only by compliance with the law governing such liens. … Consequently, before a money judgment can ripen into a lien, the abstract of judgment must be recorded and indexed in the proper county, as required by statute. … The lien presently disputed before this court is not a judgment lien … Rather, the lien expressly given to Mrs. Day by the domestic relations court is rooted in equity, does not owe its existence to any statute and can stand independent of any statutory recording requirements …

*Day*, 610 S.W.2d at 197-8.

Here, the "purchase money equitable lien" set forth in the Judgment of the State Court against the Hilliard Property is an equitable lien that is not based on any recording statute. The purchase money equitable lien in the Judgment stands independently of the lien created by the recording of the Abstract of Judgment under the Texas Property Code. Consequently, the equitable lien in the Judgment is not a "judgment lien" under the Texas Property Code. In contrast, the lien on the Hilliard Property created by the recording of the Abstract of Judgment is a "judgment lien" under the Texas Property Code.

The bankruptcy discharge granted to Huth does not invalidate the "purchase money equitable lien" on the Hilliard Property in the Judgment, since that equitable lien is not a "judgment lien." This was also recognized by the *Day* court. *See Day,* 610 S.W.2d at 199 (since equitable lien against property in Texas court judgment is not a "judgment

16

lien," bankruptcy discharge by defendant does not invalidate lien).[11]

Under the Bankruptcy Code, a bankruptcy discharge does not extinguish debt. Instead, a bankruptcy discharge removes any personal liability of the debtor to the creditor while leaving intact any liens that secures such debt. *See* 11 U.S.C. § 524(a) (a bankruptcy discharge voids any judgment to the extent it is a determination of the "personal liability" of the debtor and operates as an injunction against any attempt to collect any discharged debt as a "personal liability" of the debtor); 11 U.S.C. § 522(c)(2) (property exempted in bankruptcy case remains liable for a debt secured by a lien if the lien is not avoided); *Johnson v. Home State Bank*, 501 U.S. 78, 82, 84 (1991) (a bankruptcy discharge extinguishes only one mode of enforcing a claim—an action against the debtor *in personam*—while leaving intact the other method of enforcing a claim—an *in rem* action against property of the debtor); *see also Hageman v. Luth*, 150 S.W.3d 617, 621 (Tex. App.—Austin 2004, no pet.) (Texas Property Code § 52.042 mirrors federal approach to characterization of discharge in bankruptcy).

Lastly, Huth argues that because the Hilliard Property is his homestead, any lien of England is invalid under Texas constitutional and statutory homestead laws. With respect to the equitable purchase money lien in the Judgment, this argument by Huth fails for at least three reasons.

First, the Texas Court of Appeals—in the litigation between Huth and England—expressly rejected this argument by Huth. *See* TCA Opinion, Ex. 3, at p. 8 ("trial court did

---

[11] The *Day* court addressed the impact of bankruptcy discharge on an equitable lien in the context of Tex. Rev Civ. Stat Ann. art. 5449(a). Texas Property Code § 54.042 is a successor statute to Article 5449(a). The primary difference between the two statutes is that under Article 5449(a) a court order was required to cancel liens after bankruptcy discharge, and Texas Property Code § 54.042 does not require a court order.

not err in imposing a purchase-money equitable lien despite whatever homestead interest Huth might claim in the Hilliard property" and citing the Texas Constitution). Second, the equitable lien in the Judgment in favor of England was for the unpaid purchase money for the Hilliard Property. Both the Texas Constitution and the Texas homestead statute expressly recognize the validity of purchase money liens on a Texas homestead. *See* Tex. Const. art. XVI, § 50(a)(1) (amended 1973) (Texas homestead is not protected from forced sale for "purchase money, or a part of such purchase money"); Tex. Prop. Code Ann. § 41.001(b)(1) (encumbrances may be properly fixed on a Texas homestead for "purchase money"). Third, Huth elected to take the federal law (not Texas state law) homestead exemption for the Hilliard Property in this bankruptcy case. *See* Bankruptcy Schedules (dkt# 17, p. 7); 11 U.S.C. § 522(b)(2).

Conclusion—Texas Property Code

In sum, under the Texas Property Code, this is another distinction that makes a difference. Huth's bankruptcy discharge did not cancel or release the "purchase money equitable lien" in the Judgment against the Hilliard Property under § 52.042(a) of the Texas Property Code, because this lien is not a "judgment lien" under the Texas Property Code. The purchase money equitable lien in the Judgment remains enforceable in State Court against the Hilliard Property and that lien survives the bankruptcy case.

On the other hand, the separate lien created by the recording of the Abstract of Judgment is a "judgment lien" under the Texas Property Code. Given Huth's bankruptcy discharge, the lien created by the Abstract of Judgment has been cancelled and is not enforceable against the Hilliard Property under § 52.042(a) of the Texas Property Code. Just to be clear, Huth's personal liability for the monetary amount of Judgment ($90,000)

18

has been discharged in his bankruptcy and may not be collected by England against Huth personally.

**Final Conclusion**

In final conclusion, the "purchase money equitable lien" against the Hilliard Property in the Judgment is not avoidable by Huth under § 522(f)(1) of the Bankruptcy Code and has not been cancelled or released under § 52.042(a) of the Texas Property Code. In contrast, the lien created by the Abstract of Judgment recorded against the Hilliard Property is avoidable by Huth under § 522(f)(1) of the Bankruptcy Code and has been cancelled and released under § 52.042(a) of the Texas Property Code.

The Court will enter a separate final Order granting the Motion in part and denying the Motion in part, for the reasons set forth by the Court in this Opinion.

###